UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACOB GAVRONSKY,

    Plaintiff,

v.                                         Case No.3:09-cv-1167-J-12TEM

WALGREEN CO., etc.,

    Defendant.

## ORDER

This cause is before the Court on Plaintiff's Motion for Remand (Doc. 10) and Defendant's Response in Opposition to Plaintiff's Motion for Remand (Doc. 12), filed December 18, 2009, and January 4, 2010, respectively. On January 27, 2010, the Court conducted a hearing on the motion and Plaintiff submitted a Notice of Supplemental Authority (Doc. 16).

The sole issue before the Court is whether this case meets the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a). For the reasons set forth below, the Court finds that Defendant has demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and therefore will deny the Motion for Remand (Doc. 10).

Plaintiff filed his employment discrimination Complaint (Doc. 3) in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, asserting that Defendant discriminated against him with respect to the terms and conditions of his employment on the basis of age in violation of the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a). Doc. 3 at ¶¶ 16-17. He claims that "[t]his is an action for damages which exceeds the

amount of fifteen thousand dollars ($15,000), but is less than seventy-five thousand dollars ($75,000.00), inclusive of interest, costs, and attorney's fees, as of the day of the filing of this complaint." Doc. 3 at ¶ 1. He claims that "[a]s a direct and proximate result of the actions of its' agents and/or employees, the Defendant has caused the Plaintiff to suffer lost wages, past, present, and future, mental anguish, pain and suffering and loss of dignity." Doc. 3 at ¶ 24. He maintains that Defendant's discriminatory actions "were performed with malice and reckless indifference to Plaintiff's protected civil rights." Doc. 3 at ¶ 25. He seeks relief in the form of "back pay [or lost wages], front pay, compensatory and punitive damages, pre-judgment interest, costs, attorney's fees, and any further relief the Court deems just and proper." Doc. 3 at ¶ 26.

Whether this case was properly removed to federal court is determined on the basis of Plaintiff's Complaint (Doc. 3) at the time of removal, and any uncertainties regarding removal must be resolved in favor of Plaintiff. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994). Because the precise amount of damages Plaintiff seeks is not specified in the Complaint (Doc. 2), or otherwise apparent from its face, in order to defeat Plaintiff's Motion for Remand (Doc. 10), the burden is on Defendant to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In determining the amount in controversy at the time the case was removed, the Court may consider the notice of removal, as well as relevant evidence submitted. Williams, 269 F.3d at 1319. Conclusory allegations regarding the jurisdictional amount, without setting forth underlying facts, are insufficient to meet Defendant's burden. Id. at 1320.

Plaintiff's failure to stipulate as to the amount in controversy, that is, to the total amount of damages he is seeking in this case, is a relevant, but not dispositive consideration in determining whether the case was properly removed. See Id. at 1320. In this case, Plaintiff's Complaint (Doc. 3 at ¶ 1) asserts that as of the time of filing, Plaintiff's damages exceeded $15,000, but were less than $75,000. Nevertheless, for purposes of the motion to remand, Plaintiff has refused to stipulate that his damages are less than the jurisdictional amount. It appears to the Court that Plaintiff attempted to prevent removal of the case by alleging an amount of damages within a range less than the federal jurisdictional limit, despite no state pleading requirement that he do so, then in seeking remand, has refused to stipulate that his damages are below that amount, in order to limit Defendant's right of removal without limiting his own ability to recover damages in excess of the jurisdictional amount. The Court finds that in the instant case, where Plaintiff specifically pled that his damages are below the jurisdictional threshold, but then refused to stipulate to that fact for purposes of the motion to remand, such failure to stipulate is entitled to greater weight than in the typical case where a plaintiff has not asserted in the complaint that damages are below the federal jurisdictional amount.

Defendant's Notice of Removal (Doc. 1) and Defendant's Response in Opposition to Plaintiff's Motion for Remand (Doc.12) set forth the basis for Defendant's contention that the amount in controversy requirement is met. Defendant relies on the amount of Plaintiff's lost wages,[1] several cases awarding compensatory and punitive damages in FCRA cases,

---

[1] Exhibit B to Defendant's Notice of Removal is a declaration by an employee of Defendant regarding Plaintiff's salary in 2007, 2008, and through the date of his termination in 2009. The Notice of Removal relies in part on those amounts to establish that the amount in controversy is met in this case, presuming that Plaintiff

counsel for Defendant's estimate regarding attorney's fees, and the fact that Plaintiff has sought front pay and any further relief the Court deems appropriate.

Plaintiff has filed his affidavit stating that: 1) his claim for lost wages is $18,571.47, 2) he was unemployed for a period of eight (8) weeks, 3) his average weekly salary now is greater than when he was employed by Defendant, and 4) he did not seek any psychological or psychiatric care as the result of his termination. Doc. 10, Exhibit A. Plaintiff asserts that the information provided by Defendant does not provide a reliable basis for determining that the amount in controversy in this case exceeds $75,000 because, other than the amount of his lost wages, Defendant's estimates regarding all other amounts of damages he seeks are speculative.

Both parties agree that the Court may consider decisions in comparable cases to determine whether the amount in controversy requirement is met by this case. With regard to Plaintiff's demand for compensatory damages, Defendant has cited several employment discrimination cases awarding various amounts of compensatory damages, some just short of the jurisdictional limit and others greatly exceeding it. See Doc. 1 at p.5, ¶ 9 and Doc. 12 at pp. 2-3. See, e.g., Copley v. BAX Global, 97 F.Supp 2d 1164, 1171-1172 (S.D.Fla. 2000)(reduced award of $100,000 in compensatory damages supported for

---

remains unemployed. As discussed below, in support of his motion for remand, Plaintiff has submitted his affidavit indicating that he was unemployed for a period of eight (8) weeks and estimating his claim for lost wages at $18,571.47, which is not reduced by amounts he received in unemployment compensation, which Defendant asserts do not reduce his back pay award. See Brown v. A.J. Gerard Mfg. Co., 715 F.2d 1549, 1550 (11th Cir. 1983). In its opposition to the motion for remand, Defendant accepts the amount of $18,571.47 as Plaintiff's claim for back pay, but maintains that when combined with the evidence it has submitted regarding Plaintiff's claims for compensatory and punitive damages and attorney's fees, that it has shown by a preponderance of the evidence that the jurisdictional amount is met.

plaintiff who did not suffer any extraordinary psychological injury attributable to his termination, but only the mental pain and suffering consistent with what most individuals, with typical family and financial obligations, would feel if suddenly terminated from a job they had held for years, whose lost wages were approximately $20,000, and who had a higher paying job within two months of his termination).

A claim for punitive damages must be considered when determining the amount in controversy "unless it is apparent to a legal certainty that such [damages] cannot be recovered." Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987)(citation omitted). The record does not demonstrate that Plaintiff seeks anything less than the full amount of the statutorily allowed punitive damages in this case ($100,000). Plaintiff's demand for an unspecified amount of punitive damages alone is an insufficient basis for finding that the jurisdictional amount is met by a preponderance of the evidence, in this case. However, in this case, Defendant points to the employment discrimination cases it has cited which awarded punitive damages and notes that any award for punitive damages would be in addition to any awards of damages for back pay, compensatory damages, and attorney's fees. See Doc. 12 at pp. 2-4. See, e.g., Copley, 97 F.Supp. 2d at 1172-1174 (reduced award of $350,000 in punitive damages supported for plaintiff described above).

Because he is entitled to an award of attorneys' fees if he prevails, attorneys' fees for the entire case may be considered in determining the amount in controversy if relevant evidence establishes such amount. See e.g., Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000)(attorneys' fees properly included in calculation of jurisdictional amount when statute provides for recovery of fees in case). Defendant has submitted

information to establish a reasonable hourly rate of $200 to $250 per hour for attorneys admitted to the Florida Bar, and estimates that Plaintiff's counsel will incur $14,000 in fees answering written discovery and defending depositions, $13,000 in fees responding to a motion for summary judgment, and $30,000 in fees for trial of the case for a total of $58,000 in attorney's fees. Doc. 12 at p. 6 and Exhibit A. Defendant does not explain how it arrived at the various figures and has not provided an affidavit or any other evidence regarding its estimates. At the hearing on the motion to remand, Counsel for Plaintiff argued that Defendant's estimates regarding attorney's fees were too high, but did not otherwise submit any evidence regarding what a reasonable estimate for attorney's fees would be in the case.

It is uncontested that attorney's fees are appropriately considered in determining the amount in controversy. However, the record before the Court does not permit it to rely on the figure proposed by Defendant. In addition, although Plaintiff's Complaint (Doc. 3) seeks front pay and any other relief the Court may deem appropriate, there is no evidence in the record to support consideration of those elements of damages in determining whether the amount in controversy requirement has been met.

While it is inappropriate to speculate regarding the amounts of damages and attorney's fees that Plaintiff might ultimately recover upon conclusion of the case, the Court is of the opinion that Defendant has established that it is more likely than not that the amount in controversy requirement is met in this case, considering Plaintiff's lost wages, and the employment discrimination cases cited awarding compensatory and punitive damages.

Moreover, the Court finds the fact that Plaintiff has not stipulated that he seeks less

than the jurisdictional amount in this case, despite having pled that at the time of filing the Complaint (Doc.3) his damages were less than $75,000, deserves significant weight which is sufficient to overcome any doubt about the propriety of removal. For the reasons stated herein, the Court is of the opinion that Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and therefore Plaintiff's Motion for Remand (Doc. 10) will be denied. Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

That Plaintiff's Motion for Remand (Doc. 10) is denied.

**DONE AND ORDERED** this ___25th___ day of February 2010.

*Howell W. Melton*
Senior United States District Judge

Copies to: Counsel of Record